UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LANNY WILLIAMS, JR.                                          CIVIL ACTION

VERSUS                                                       NUMBER: 14-1428

AGENT SALTAMACHIA, ET AL.                                    SECTION: "R"(5)

## REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Lanny Williams, Jr., against Defendants, Agents Jason Saltamachia, Joey Alfonso, Lance Kramer, and Scott Matrijean of the "St. Bernard Police Department"; Lieutenant Clifford Englande of the same department; and, nominally at least, the "St. Bernard Narcotic Division."[1]

Plaintiff is an inmate of the Nelson Coleman Correctional Center ("NCCC") who was housed at the Orleans Parish Prison ("OPP") at the time this suit was filed. (Rec. docs. 5; 8, p. 3). Plaintiff alleges that on February 22, 2013, while sitting in his cab waiting to pick up a fare, he was apprehended and arrested by Agents Kramer, Matrijean, and Alphonso, sustaining various injuries in the process for which he claims he was denied immediate medical care. Plaintiff states that he was subsequently seen at the medical department of the prison on February 29, 2013, during which one "Lt. DeRoach-Nurse" verified that he

---

[1] In the caption of his complaint, Plaintiff listed the five individuals and the "St. Bernard Narcotic Division" as the Defendants to this suit. (Rec. doc. 8, p. 1). However, on page four of his complaint where he was asked to provide the full names and other identifying information pertaining to the Defendants, Plaintiff furnished only that for the five individual Defendants. (*Id.* at p. 4). Assuming that Plaintiff intended to name the "St. Bernard Narcotic Division" as a Defendant, because sheriff's departments are not entities that are capable of being sued, *Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D. La. 2001), it follows that divisions of such departments are equally incapable of being sued.

had previously been treated by Dr. Joe Stagna and discharged from the doctor's care on January 12, 2013. (Rec. doc. 8, pp. 7, 6).

On April 29, 2013, Plaintiff attended discovery and preliminary examination hearings in an attempt to gather evidence in defense of charges that he attempted to murder Agent Alphonso with his cab. During the course of those hearings, Plaintiff alleges that Agent Saltamachia committed perjury in testifying to the particulars of Plaintiff's apprehension. A police report memorializing the incident had also been generated which, according to Plaintiff, omitted certain important facts. Plaintiff states that he was held at St. Bernard Parish Prison for ten months, during which he was prevented from filing a lawsuit through the monitoring of his mail and phone calls. At some point, Plaintiff indicates that he was visited by an attorney at jail who was informed of everything that had transpired.

After ten months, Plaintiff received a sentence of unidentified length – reportedly due to the ineffectiveness of his counsel – and was transferred to the River Correctional Center which had no standardized §1983 complaint forms or the addresses of the U.S. Courts. Two weeks later, Plaintiff states that he was transferred again to the Concordia Correctional Center where legal aid gave him the "run around" for two more months in terms of access to a §1983 form and the court's mailing address. Ultimately, Plaintiff was sent to OPP where he was provided with a §1983 form, the court's mailing address, and the advice that he had one year within which to file suit. Given the fact that he was incarcerated and was transferred to different jail facilities throughout that time, Plaintiff asks that the delays in bringing this lawsuit be excused. In closing, Plaintiff identifies three attorneys who know of the facts involved in this civil action. (*Id.* at pp. 6, 8). By way of his prayer for relief, Plaintiff asks that the matters of which he complains be fully investigated,

that all of the agents be properly reprimanded, and that he be awarded an unspecified amount of compensatory and punitive damages. (*Id.* at p. 5).

To the extent that Plaintiff's complaint can be read as alleging that he is incarcerated as a result of the presentation of perjured testimony, the fabrication of evidence, and/or ineffective assistance of counsel, he challenges the fact/duration of his confinement and thus presents a claim sounding in the nature of *habeas corpus* which must first be pursued on those grounds, but only after Williams has exhausted available state court remedies. *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). As Plaintiff makes no showing of having exhausted his claims, his complaint, insofar as it can be construed as a request for federal *habeas corpus* relief, should be dismissed without prejudice for failure to exhaust the remedies that are available to him in the state court system. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any viable §1983 claims as to the five individual defendants are raised by Plaintiff's complaint. The Court must answer that question in the negative. First, as to Lieutenant Englande, although Plaintiff identifies him in the caption and again on page four of his complaint, Plaintiff sets forth no specific facts demonstrating any personal involvement on Englande's part, an essential element of a civil rights cause of action. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir.), *cert. denied*, 464 U.S. 897, 104 S.Ct. 248 (1983)(citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 96 S.Ct. 598, 604-05 (1976)). To the extent that Plaintiff alleges that he was convicted on the basis of perjured testimony from Agent Saltamachia, unless and until Plaintiff is able to have his present confinement declared unlawful by a state or federal tribunal authorized to make such a determination, he has no §1983 cause of action. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct.

2364 (1994). In any event, a testifying witness like Saltamachia is cloaked with absolute immunity even if he is a law enforcement official, *Geter v. Fortenberry*, 849 F.2d 1550, 1558 (5th Cir. 1988), and even if it is alleged that he committed perjury. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993)(citing *Briscoe v. LaHue*, 460 U.S. 325, 103 S.Ct. 1108 (1983)). Finally, the acts of which Plaintiff complains respecting the four agent Defendants all occurred more than one year prior to the date that Plaintiff tendered his complaint to the court for filing and are thus clearly prescribed. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989); LSA-C.C.Art. 3492. The fact that Plaintiff was incarcerated does not operate to interrupt or suspend the running of prescription, *Proctor v. Flex*, 567 F.2d 635, 636 (5th Cir. 1978), and the circumstances that are described by him do not warrant application of the doctrine of *contra non valentem*. *Eldredge v. Martin Marietta Corp.*, 207 F.3d 737, 743 (5th Cir. 2000); *Causby v. Perque Floor Covering*, 707 So.2d 23, 25 (La. 1998). Accordingly, it will be recommended that Plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(ii). *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint, insofar as it can be construed as a request for *habeas corpus* relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that Plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B(ii). *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of

4

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this  4th  day of            September            , 2014.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE