UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LANNY WILLIAMS, JR. CIVIL ACTION

VERSUS NO: 14-1428

AGENT SALTAMACHIA, et al. SECTION: R(5)

**ORDER AND REASONS**

Before the Court is plaintiff Lanny Williams, Jr.'s prisoner complaint,[1] and the Magistrate Judge's Report and Recommendation ("R&R") that Williams's petition be denied and dismissed with prejudice.[2] The Court, having reviewed *de novo* the complaint, the record, the applicable law, the Magistrate Judge's R&R, and the plaintiff's objections to the Magistrate Judge's R&R,[3] hereby approves the R&R and adopts it as its opinion. To the extent that plaintiff's complaint can be construed as a petition for *habeas corpus*, it is dismissed without prejudice for failure to exhaust available state court remedies. To the extent that plaintiff's complaint can be construed as a petition under 42 U.S.C. § 1983, it is dismissed with prejudice for failing to state a claim upon which relief may be granted.

Plaintiff filed his complaint on August 18, 2014, against defendants Jason Saltamachia, Joey Alfonso, Lance Kramer, Clifford

---

[1] R. Doc. 8.

[2] R. Doc. 10.

[3] R. Doc. 11.

Englande, and the St. Bernard Parish Narcotics Unit.[4] Plaintiff alleges that defendants caused numerous personal injuries as well as property damage during the course of his February 22, 2013 arrest.[5]

Plaintiff was held as a pretrial detainee at St. Bernard Parish Prison ("SBPP") for ten months.[6] Plaintiff alleges SBPP prevented him from filing a claim against defendants by monitoring his mail and phone calls.[7] Following his conviction, plaintiff was incarcerated at River Correctional Center ("RCC").[8] Plaintiff alleges that he was again prevented from filing a complaint because RCC had no standard § 1983 forms or the court's mailing address.[9] Plaintiff was then transferred to Concordia Correctional Center ("Concordia"), where he again attempted to prepare a legal complaint.[10] Plaintiff alleges that Concordia "gave [him] the run around" when he tried to obtain a § 1983 form and the court's address.[11] Plaintiff was next transferred to Catahoula Correctional

[4] R. Doc. 8.

[5] *Id.* at 7.

[6] *Id.* at 6.

[7] *Id.*

[8] *Id.* at 6, 8.

[9] *Id.*

[10] *Id.* at 8.

[11] *Id.*

Center ("Catahoula"), where he "still had no legal help."[12] Finally, plaintiff was transferred to Orleans Parish Prison ("OPP"), where he obtained a § 1983 form, the court's mailing address, and the advice that he only had one year to file suit.[13] This advice came after one year had already passed.[14]

The Magistrate Judge recommended that plaintiff's § 1983 claim against defendant Clifford Englande be dismissed because plaintiff set forth no specific facts demonstrating Englande's personal involvement in plaintiff's arrest.[15] The Magistrate Judge also recommended that plaintiff's § 1983 claims against the other defendants be dismissed because plaintiff failed to file his complaint within one year from the date of the incident giving rise to his cause of action.[16]

Plaintiff filed three objections to the Magistrate Judge's R&R.[17] First, he explained defendant Englade's personal involvement in his arrest.[18] Second, plaintiff maintains that his failure to file his legal complaint within one year was through no fault of

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] R. Doc. 10 at 3.

[16] *Id.* at 4.

[17] R. Doc. 11.

[18] R. Doc. 11 at 1.

his own; plaintiff faults the prison facilities in which he was incarcerated for their lack of legal assistance.[19] Third, plaintiff requests legal assistance to help him further pursue his claims.[20] The Court construes this third "objection" as a motion to appoint legal counsel. For the sake of clarity, the Court will address plaintiff's objections out of order.

Plaintiff's primary objection is that he could not file his complaint within the one-year period because the prisons in which he was housed failed to provide him with sufficient legal assistance.[21] The Court finds petitioner's argument to be without merit.

Because 42 U.S.C. § 1983 does not provide a federal statute of limitations period, the Court must look to the forum state's general personal injury limitations period. *See Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (citing *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994)). In Louisiana's civil law system, the limitations period is called "prescription." *McGuire v. Larpenter*, No. 14-30498, 2014 WL 6440383, at *2 (5th Cir. Nov. 18, 2014). Louisiana's period of prescription for personal injury claims is one year. *See* La. Civ. Code art. 3492("Delictual actions are subject to a liberative prescription of one year."); *Jacobsen*

[19] R. Doc. 11 at 1.

[20] R. Doc. 11 at 1.

[21] R. Doc. 11 at 1.

*v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998) (citing *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989)). Federal law still determines when the § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Jacobsen*, 133 F.3d at 319. "[A] cause of action under section 1983 accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993) (internal quotation marks omitted).

In addition to applying the forum state's statute of limitations period, federal courts must also give effect to any applicable tolling provision provided by state law. *Burge v. Parish of St. Tammany*, 996 F. 2d 786, 788 (5th Cir. 1993). Louisiana law recognizes the principle of *contra non valentem agere nulla currit praescriptio* ("*contra non valentem*")--prescription does not run against a party who is unable to act. *E.g.*, *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994); Corsey v*. State Through Dep't of Corr.*, 375 So.2d 1319, 1321 (La. 1979). *Contra non valentem* tolls prescription in four situations:

> (1) Where there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action;
> (2) Where there was some condition coupled with a contract or connected with the proceedings which prevented the creditor from suing or acting;
> (3) Where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and
> (4) Where some cause of action is not known or reasonably knowable by the plaintiff even though his ignorance is not induced by the defendant.

*Wimberly*, 635 So. 2d at 211; *accord Burge*, 996 F.2d at 788. "The doctrine of *contra non valentem* recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff [was] unable to exercise or was lulled into not exercising a cause of action when it first became exigible." *Pracht v. City of Shreveport*, 830 So.2d 546, 551 (La. App. 2 Cir. 2002).

Plaintiff admits that he filed his complaint beyond the usual one-year prescriptive period.[22] However, plaintiff argues that his failure to timely file his complaint was through no fault of his own.[23] Plaintiff maintains that he repeatedly sought the materials and information necessary to file a § 1983 claim, but prison officials either did not have the proper materials or refused to accede to plaintiff's requests. Accepting plaintiff's characterizations as true, the Court finds the doctrine of *contra non valentem* inapplicable.

The mere fact of imprisonment does not suspend the prescription period. *McGuire v. Larpenter*, No. 14-30498, 2014 WL 6440383, at *2 (5th Cir. Nov. 18, 2014) (citing *Jackson v. Jefferson Parish Clerk of Court*, 981 So. 2d 156, 161 (La. App. 5 Cir. 4/15/08)). The *contra non valentem* scenario most analogous to plaintiff's situation is that in which the debtor, or defendant, has done something to prevent the creditor, or plaintiff, from

---

[22] R. Doc. 11 at 1.

[23] R. Doc. 11 at 1.

pursuing his cause of action. *See* La. Civ. Code art. 1756 cmt. (c) ("The terms 'obligor', synonymous with debtor, and 'obligee', synonymous with creditor, have accordingly been preserved."). Yet, this exception is limited to cases in which the defendant *himself* prevents the plaintiff from filing suit. *See, e.g.*, *Vinzant v. United States*, 458 F. App'x 329, 332 (5th Cir. 2012) (holding the petitioner did not satisfy *contra non valentem* exception by alleging third parties prevented him from suing the defendants); *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999) (defining the relevant *contra non valentem* exception as applicable "when the *defendant* prevents the plaintiff from bringing suit" (emphasis added)); *Wimberly v. Gatch*, 635 So. 2d 206, 211 (La. 1994)("The third category applies to cases where the *defendant* engages in conduct which prevents plaintiff from availing himself of his judicial remedies." (emphasis added)). Because defendants in plaintiff's case are the individual narcotics agents who arrested him and the actors who allegedly prevented plaintiff from filing suit are various prison officials, *contra non valentem* does not apply, and plaintiff's claims are prescribed. *See McGuire,* 2014 WL 6440383, at *3 n.1 (noting the limited scope of *contra non valentem* and recognizing that federal courts are "powerless to adopt a rule contrary to Louisiana case law.").

Next, plaintiff explains in his objections that he merely forgot to allege defendant Englande's involvement in plaintiff's

allegedly unlawful arrest.[24] Plaintiff claims defendant Englande applied excessive force during plaintiff's arrest by using a Tazer while plaintiff was already detained in handcuffs.[25]

Facts and issues raised for the first time in a prisoner's objections to the Magistrate Judge's R&R are not properly before the district court. *Flores v. Scott*, No. 94-11075, 1995 WL 371237, at *2 (5th Cir. June 9, 1995); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Therefore, the Court need not address plaintiff's new allegations. Moreover, even if the Court liberally construed plaintiff's additional factual information as a motion to amend his original complaint, the claim nevertheless fails because plaintiff failed to bring it within the one-year prescription period.

Lastly, plaintiff requests legal counsel. A pro se, civil rights plaintiff is not entitled to appointed counsel absent "exceptional circumstances." *Lempar v. Livingston*, 463 F. App'x 268, 269-70 (5th Cir. 2012) (citing *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)). Whether exceptional circumstances exist generally depends on two considerations–"the type and complexity of the case, and the abilities of the individual bringing it." *Id.* Plaintiff's claims do not present any extraordinary circumstances–-the facts of his case are relatively simple and not atypical of

---

[24] R. Doc. 11 at 1.

[25] R. Doc. 11 at 1.

other pro se civil rights claims. *See Krause v. Leonard*, 352 F. App’x 933, 937 n.19 (5th Cir. 2009). Plaintiff has also alleged sufficient information for the Court to adjudicate his dispute. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Moreover, because the Court dismisses plaintiff’s claims on the basis of prescription, his motion to appoint legal counsel is now moot. *See Krause*, 352 F. App’x at 937.

Accordingly,

Lanny Williams, Jr.’s *habeas corpus* claims are DISMISSED WITHOUT PREJUDICE. Williams’s federal civil rights claims are DISMISSED WITH PREJUDICE.

**New Orleans, Louisiana, this** 26th **day of January, 2015**

Sarah Vance

**SARAH S. VANCE**

**UNITED STATES DISTRICT JUDGE**